UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**LINDA BENAVIDEZ,**

    **Plaintiff,**

v.                                                             CIV NO. 1:15-CV-00922-MV-LF

**SANDIA NATIONAL LABORATORIES,**
**VARICK TUCKER (Personally), and**
**TIMOTHY GARDNER (Personally),**

    **Defendants.**

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Knowing that related claims were pending administrative review and unripe for litigation, Plaintiff and her attorneys nonetheless elected to serve her Amended Complaint and compel Defendants to respond. Having received Defendants Motion to Dismiss, Plaintiff now seeks a stay to avoid or delay a decision on the motion. Because a stay would prejudice Defendants and result in unnecessary delay and duplication, Defendants respectfully request that the Court deny Plaintiff's Motion to Stay [Doc. 10].

### Background

Plaintiff commenced her lawsuit on July 1, 2015, with a Complaint that was not served on Defendants. She filed an additional charge of discrimination on or about July 30, 2015. *See* Charge of Discrimination, attached as Exhibit A. On August 25, 2015, Plaintiff's attorneys entered their appearance with the U.S. Equal Employment Opportunity Commission ("EEOC") in connection with the charges they intend to add to this litigation. *See* Appearance Letters, attached as Exhibit B. On August 27, 2015, they filed Plaintiff's First Amended Complaint. Rather than continuing to delay service and filing an amended complaint after fully exhausting all administrative remedies (*see* NMRA 1-015) Plaintiff served Defendants on September 15, 20,

and 26, 2015, compelling them to respond. *See* Notice of Removal [Doc. 1] at pages 1-2. Despite knowing that additional claims would be added, Plaintiff did not seek to stay the case until well after Defendants' removed the case to this Court and moved to dismiss Plaintiff's claims.

## Arguments and Authorities

A party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). Plaintiff seeks to stay this case in order to add additional claims which she and two (or possibly three) other individuals currently have pending with the EEOC.[1] Plaintiff posits that this will avoid litigating a motion to dismiss multiple times. However, it is not at all clear that this is the case, and the opposite is more likely true.

Plaintiff asserts that the additional claims she and her attorneys intend to add to this lawsuit "could be subject to the Defendant[s'] Motion to Dismiss." Because those claims have not been drafted, there is no way to know whether they might be subject to the same categories of arguments raised in the motion to dismiss. Even if they are, entering a stay and allowing Plaintiff to a Second Amended Complaint before issuing a decision on the motion to dismiss would not avoid duplicative litigation. Instead, Defendants' Motion to Dismiss—which is fully briefed and ready for the Court's decision—will become moot, and it will be necessary for Defendants to file a new motion to dismiss reasserting the arguments in their pending motion.[2] Such a new motion to dismiss might also assert arguments of the same category if applicable to the newly added claims, though such arguments would necessarily be specific to the new claims.

---

[1] *See* Plaintiff's Motion to Stay Proceedings [Doc. 10] at ¶¶ 6 & 10. Plaintiff's counsel indicated during a telephonic status conference on November 16th [Doc. 8] that there may also be a fourth potential plaintiff.

[2] Plaintiff has not indicated any intent to modify her current claims, other than to withdraw the discrimination claims against Defendants Gardner and Tucker. *See* Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 7), Request for Remand, and Memorandum in Support [Doc. 16], at page 12.

Defendants' may also be required to file an Answer to the Second Amended Complaint. If the new motion to dismiss is granted to any extent, Plaintiff (or rather Plaintiffs, at that point) could potentially be required to file a Third Amended Complaint.[3]

The entry of a stay will cause, rather than avoid, unnecessarily duplicative amendments and motions to dismiss. However, the Court can choose a course of action likely to avoid this delay and duplication, to the benefit of all parties. If the Court denies the stay and issues a decision on the motion to dismiss, the parties will have the benefit of the Court's reasoning before drafting, filing, or responding to any Second Amended Complaint. For example, if the Court finds Plaintiff's claims to be preempted by Section 301 of the Labor Management Relations Act, then her attorneys could proceed under that law, rather than asserting any new state law claims that similarly require interpretation of a collective bargaining agreement. By contrast, if the Court finds that some or all of Plaintiff's claims are not preempted, Defendants' would take this into consideration when deciding whether to Answer or move to dismiss similar claims in any Second Amended Complaint.[4] The Court has delayed entry of a scheduling order in light of the pending Motion to Dismiss, and so there are no other case management deadlines that would be impacted by the denial of Plaintiff's requested stay. *See* Order under Rule 12(b)(2) [Doc. 15].

## Conclusion

The stay requested by Plaintiff would unnecessarily delay the resolution of significant issues in this case, would prejudice Defendants' by requiring at least one repetitive motion to

---

[3] All of this proceeds on the optimistic assumption that the administrative remedies will be exhausted at roughly the same time for all of the outstanding charges, allowing each of the new claims to be added to a single new amended complaint within the relevant filing periods for each of them. Given the apparent number of charges involved, this very well might not be the case.

[4] In the event that all administrative remedies for the pending charges are exhausted before the court decides the Motion to Dismiss, the parties could agree to toll the filing periods as necessary to allow the Court time to issue a decision.

dismiss, and could result in the filing of multiple amended complaints. Denying the stay and issuing a decision on the pending Motion to Dismiss will provide all parties with the benefit of the Court's determination and reasoning, which should avoid unnecessary filings and arguments, and will promote the "just, speedy, and inexpensive resolution" of this lawsuit. FED. R. CIV. P. 1. For these reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Stay Proceedings.

Respectfully submitted,

By */s/ Justin E. Poore*
   Justin E. Poore
1515 Eubank SE
Mail Stop 0141
Albuquerque, New Mexico 87123-0141
Tel:  (505) 284-6336
Fax:  (505) 844-2363
jepoore@sandia.gov
***ATTORNEY FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendants' Motion to Dismiss was filed electronically with the court through CM/ECF on this 25th day of November, 2015, which caused the following Parties or Counsel to be served by electronic means:

| | |
|---|---|
| Rachel Berenson | Rachel E. Higgins |
| Berenson & Associates PC | Law Office of Rachel Higgins |
| 415 Sixth Street NW | 509 Roma Avenue NW |
| Albuquerque, NM  87102 | Albuquerque, NM  87102 |
| rachel@nmjusticelaw.com | rachel@rachelhigginslaw.com |

   */s/ Justin E. Poore*
   Justin E. Poore