UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**LINDA BENAVIDEZ,**

    **Plaintiff,**

**v.**                                                                 **CIV NO. 1:15-CV-00922-JB-LF**

**SANDIA NATIONAL LABORATORIES,**
**VARICK TUCKER (Personally), and**
**TIMOTHY GARDNER (Personally),**

    **Defendants.**

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to Amend Her Complaint [Doc. 30]. Plaintiff's proposed amendment would be futile, cause undue delay, and cause undue prejudice to Defendant Sandia Corporation. Plaintiff should instead wait until the Court issues a decision on Defendants' pending Motion to Dismiss [Doc. 7], and then draft an amended Complaint that takes into account the Court's rulings.  In no case, however, should an amended Complaint contain counts that are futile, as this one does.

**Legal Standard**

Rule 15(a)(2) requires a party to obtain either "the opposing party's written consent or the court's leave" before amending a Complaint if more than 21 days have passed after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). The Rule provides that courts "should freely give leave when justice so requires." However, a court may "refuse leave to amend on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

amendment." *Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citations and quotations omitted).

**Factual Background and Analysis**

Defendants' Motion to Dismiss was filed on October 21, 2015, and is fully briefed and awaiting a decision by the Court. At the Rule 16 scheduling conference held on February 23, 2016, the Court indicated that it has undertaken significant effort toward drafting an Opinion on the motion to dismiss. Additionally, the Court indicated at the scheduling conference and at the January 20, 2016 hearing that Defendants' motion to dismiss is likely to be granted at least in part, and specifically with respect to Plaintiff's intentional infliction of emotional distress (IIED) claim. *See* Clerk's Minutes dated January 20, 2016 [Doc. 28].

Plaintiff's proposed Second Amended Complaint [Doc. 30-1] essentially re-states this IIED claim, as well as the New Mexico Human Rights Act age and sex discrimination claims that are subject to the pending motion to dismiss. Plaintiff's proposed Second Amended Complaint is subject to dismissal, at least in part, and is therefore futile.

By filing the proposed Second Amended Complaint, Plaintiff would cause Defendants' motion to dismiss to become moot. *Cf. Hawkins v. Mercy Kansas Communities, Inc.*, 2015 WL 728484, 2 (noting that defendants' Rule 12 motion was moot as a result of the court's decision to grant plaintiff leave to amend). Although the motion has been fully briefed, argued before the Court, and is near a decision by the Court, Defendant Sandia Corporation would be compelled to file a new motion to dismiss addressing the Second Amended Complaint.

Despite the addition of new plaintiffs and claims, the same fundamental legal defects exists that have been addressed in the briefing on the motion to dismiss: Plaintiff's state law claims are preempted by Section 301 of the Labor Management Relations Act, or alternatively,

they fail to state a claim for which relief can be granted. Re-starting the briefing process at this stage would significantly delay the resolution of these important issues, and clearly impose an undue burden on Sandia (as well as the Court). The Court essentially agreed with this position at the January 20, 2016 hearing. In denying Plaintiff's Motion to Stay Proceedings [Doc. 10], the Court noted the importance of resolving the arguments raised in Defendants' motion to dismiss, and the benefit this would provide in helping to expeditiously resolve the potential claims of the proposed additional plaintiffs.

## Conclusion

Plaintiff's proposed amendment is—at least as to the state law claims—futile. Furthermore, the filing of a second amended complaint before the Court completes and issues its decision on Defendants' motion to dismiss would moot that motion and effectively nullify the work that has gone into arguing and deciding the motion, causing undue delay and undue prejudice to Sandia. Defendants' respectfully request that the Court deny Plaintiff leave to amend her complaint until after a decision is issued on Defendants' motion to dismiss, and in no event should it be granted with regard to state law claims that Sandia has already identified as defective.

Respectfully submitted,

By /s/ Justin E. Poore
    Justin E. Poore
Sandia Corporation
1515 Eubank SE
Mail Stop 0141
Albuquerque, New Mexico 87123-0141
Tel:  (505) 284-6336
Fax:  (505) 844-2363
jepoore@sandia.gov
Co-counsel for Defendants

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

Aaron C. Viets
P.O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
Facsimile: (505) 768-7395
Email: aviets@rodey.com
Co-counsel for Defendants

3

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above and foregoing Defendants' Motion to Dismiss was filed electronically with the court through CM/ECF on this 7th day of March, 2016, which caused the following Parties or Counsel to be served by electronic means:

| | |
|---|---|
| Rachel Berenson<br>Berenson & Associates PC<br>415 Sixth Street NW<br>Albuquerque, NM  87102<br>rachel@nmjusticelaw.com<br><br>Rachel E. Higgins<br>Law Office of Rachel Higgins<br>509 Roma Avenue NW<br>Albuquerque, NM  87102<br>rachel@rachelhigginslaw.com | Kate Girard<br>Wray & Girard PC<br>102 Granite Ave NW<br>Albuquerque, NM 87102<br>505-842-8492<br>jkgirard@wraygirard.com<br><br>Katie Wray<br>Wray & Girard PC<br>102 Granite Ave NW<br>Albuquerque, NM 87102<br>505-842-8492<br>kwray@wraygirard.com |

         */s/ Justin E. Poore*
        Justin E. Poore

4